**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **EDDIE LEE BURNS, JR.** ) | 1:05-cv-01620-AWI WMW HC |
| Petitioner, ) | |
| vs. ) | **ORDER TO SHOW CAUSE** |
| **RICHARD PIERCE,** ) | |
| Respondent. ) | |

    Petitioner is a prisoner proceeding with a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. Section 2254. The Court has conducted a preliminary review of the Petition. This preliminary review reveals that some of Petitioner's claims may be unexhausted.

    A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state

court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888.

In this case, Petitioner contends that he was subjected to an unconstitutional search and seizure, that his conviction was based on a plea of guilty which was unlawfully induced, that his incarceration is due to an unlawful arrest on December 15, 2004, and that he now suffers increased sanctions for violating parole. Nothing in his petition indicates that these contentions have been presented to the California Supreme Court.

The Court must dismiss a petition that contains unexhausted claims, even if it also contains exhausted claims. Rose, 455 U.S. at 521-22, 102 S.Ct. at 1205; Calderon v. United States Dist. Court (Gordon), 107 F.3d 756, 760 (9th Cir. 1997) (en banc) *cert. denied*, 118 S.Ct. 265 (1997).

Petitioner will be ordered to show cause why the Petition should not be dismissed for

failing to exhaust state court remedies. Should it be the case that the claims were exhausted, Petitioner should make clear when and in what court the claims were raised. If possible, Petitioner should present to the Court documentary evidence that the claims were indeed presented to the California Supreme Court.[1]

If the Petition contains unexhausted claims, Petitioner may, at his option, withdraw the unexhausted claims and go forward with the exhausted claims. Anthony v. Cambra, 236 F.3d 568, 574 (9th Cir.2000) ("habeas litigants must have opportunity to amend their mixed petitions by striking unexhausted claims as an alternative to suffering dismissal").

Petitioner may also move to withdraw the unexhausted claims and move to hold the petition in abeyance while the unexhausted claims are exhausted in state court. See Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003); Ford v. Hubbard, 305 F.3d 875 (9th Cir. 2002). However, such a request will not be considered by the Court until the Petition contains only exhausted claims and it is clear that the Petition is not barred by the statute of limitations.

Petitioner may also move to withdraw the entire Petition and return to federal court only when he has finally exhausted his state court remedies. Petitioner should bear in mind, however, that there exists a one year statute of limitations applicable to federal habeas corpus petitions. 28 U.S.C. § 2244(d)(1); Ford, 305 F.3d at 885-885. In most cases, the one year period starts to run on the date the California Supreme Court denied Petitioner's direct review. See id. Although the limitations period tolls while a properly filed request for collateral review is pending in state court, 28 U.S.C. § 2244(d)(2), it does not toll for the time an application is pending in federal court. Duncan v. Walker, 531 U.S. 991 (2001).

Finally, Petitioner can do nothing and risk dismissal of the entire Petition should the Court later find that the Petition contained unexhausted claims.

---

[1] A copy of the California Supreme Court's denial alone is insufficient to demonstrate exhaustion. The proper documentation to provide would be a copy of the Petition *filed* in the California Supreme Court that includes the claim now presented and a file stamp showing that it was indeed filed in that Court.

Accordingly, the Court HEREBY ORDERS:

1. Petitioner is ORDERED TO SHOW CAUSE within thirty (30) days of the date of service of this Order why the Petition should not be dismissed for failing to exhaust state court remedies.

Petitioner is forewarned that his failure to comply with this order may result in a Recommendation that the Petition be dismissed pursuant to Local Rule 11-110.

IT IS SO ORDERED.

**Dated:**   **February 7, 2007**           /s/  **William M. Wunderlich**
bl0dc4                                           UNITED STATES MAGISTRATE JUDGE

4